# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-2047

NYLOK CORPORATION,

*Plaintiff-Appellant,*

v.

FASTENER WORLD INCORPORATION,
NASALOK COATING CORPORATION,
UNILOCK INDUSTRIAL CO., and
NYPATCH INDUSTRIAL CO.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 8238—**Suzanne B. Conlon**, *Judge.*

_____

ARGUED DECEMBER 6, 2004—DECIDED JANUARY 25, 2005

_____

Before EASTERBROOK, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Nylok Corporation filed a complaint in the district court alleging trademark violations by five foreign corporations. The case was dismissed under Federal Rule of Civil Procedure 4(m) because of Nylok's failure to serve the defendants within 120 days. Nylok argues on appeal that Rule 4(m) explicitly does not apply to foreign

service and that the district court's decision to dismiss should be reversed. For the reasons set forth in this opinion, we agree.

## I.  History

Nylok Corporation manufactures and sells a variety of fasteners. The fasteners made and sold by Nylok are blue in color, and this federally recognized blue trademark has been used to distinguish Nylok's fasteners from the products of competitors. On November 17, 2003, Nylok filed a complaint against four Taiwanese corporations and one Korean corporation alleging trademark infringement in violation of 15 U.S.C. § 1114.

In order to effectuate service on these foreign corporations, Nylok hired Celeste Ingalls, a professional service agent who specializes in the service of civil process in foreign countries. Ingalls prepared the necessary documents (e.g., translation of complaint and court executed rogatory letters) and forwarded them to the appropriate Taiwanese and Korean government entities on December 30, 2003. Nylok also provided copies of all filings and motions to the defendants via Federal Express and has attempted to pursue settlement agreements with each party.[1]

On February 10, 2004, the district court sent notice to Nylok that service needed to be completed within 120 days from the date of filing under Rule 4(m). On February 23, Nylok filed a motion for clarification and argued that Rule 4(m) does not apply to foreign service and, thus, is not applicable to this case. Nevertheless, the court dismissed the case on March 26 for lack of service.

---

[1] Nylok was able to reach a settlement with Cashi Components Corporation, and a consent judgment order was entered on January 27, 2004.

## II.  Analysis

This case was dismissed under Rule 4(m). That rule states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. *This subdivision does not apply to service in a foreign country* pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m) (emphasis added).

The explicit language of this rule makes it very clear that the 120-day limit is inapplicable in cases involving service in a foreign country. This rule seems to recognize that the timeliness of foreign service is often out of the plaintiff's control. Nylok offers proof that service of process in Taiwan generally takes between six and twelve months and in Korea it can exceed four months.

Because district courts need to be able to control their dockets, we have stated that the amount of time allowed for foreign service is not unlimited. *See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000) (expressing disagreement with Ninth Circuit view that under Rule 4(m), "there is apparently no time limit for [foreign] service") (citing *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991)). If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim. *See id.* at 951-52.

Nylok, however, made every effort to serve the defendants in a timely manner. Two days after filing the complaint in

this case, Nylok hired Ingalls and instructed her to take the steps necessary to effectuate service. The appropriate materials were sent to the authorized agencies in Taiwan and Korea 41 days later. The next step involved waiting for the agencies to forward the materials to the applicable Taiwanese and Korean judicial authorities who would then serve the defendants. Under this system, although Nylok took all of the necessary affirmative steps, it could not control the timing of service.

### III.  Conclusion

Generally, a plaintiff is required to serve process upon defendants within 120 days after the complaint is filed. Rule 4(m), however, provides an exception in cases where service must occur in a foreign country. Nylok is entitled to litigate its trademark infringement case in federal court, and dismissal of its claim was improper. We REVERSE the dismissal and REMAND for further proceedings.

A true Copy:

  Teste:

        _____
        *Clerk of the United States Court of*
        *Appeals for the Seventh Circuit*