Donna MUMFORD, Plaintiff,

v.

CARNIVAL CORPORATION, Doctor Vusumzi Mbuthuma, Doctor Doe, and Nurse Doe, Defendants.

Case No. 13–22604–CIV.

United States District Court, S.D. Florida.

Signed March 18, 2014.

Kerry Alexander Nierenberg, Miami Lakes, FL, Michael A. Winkleman, Lipcon Margulies & Alsina, Miami, FL, for Plaintiff.

Darren Wayne Friedman, Jeffrey Eric Foreman, Marcus G. Mahfood, Foreman Friedman, PA, Miami, FL, for Defendants.

### *ORDER DISMISSING COUNTS V AND VI OF PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND CLOSING CASE*

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court upon a sua sponte review of the record. This case was originally filed on March 14, 2013 in Case Number 13–20929–CIV–Lenard/O'Sullivan. That action was dismissed without prejudice on May 3, 2013 for failure to comply with a Court Order. (*Mumford v. Carnival Cruise Lines,* D.E. 19, Case No. 13–20929–CIV–Lenard/O'Sullivan (S.D.Fla. May 3, 2013).) The instant action was filed on July 19, 2013. On March 18, 2014, 2014 WL 1243786, the Court granted Defendant Carnival Corporation's Motion to Dismiss and dismissed Counts I, II, III, and IV of the Complaint. (*See* D.E. 33.) The only remaining counts are Count V for negligence against Defendant Dr. Vusumzi Mbuthuma and/or Defendant Dr. Doe, and Count VI for Negligence against Nurse Doe (collectively, "medical defendants"). (*See* Complaint, D.E. 1 at 25–29.)

On November 22, 2013, the Court issued an Order to Show Cause as to why Defendant, Doctor Vusumzi Mbuthuma, had not been served, despite over 120 days having passed since Plaintiff filed her Complaint. (D.E. 30.) In Response, Plaintiff's counsel indicated that he had "not yet been able to serve named defendant DOCTOR VUSUMZI MBUTHUMA, because he is unaware of his physical address. But because this doctor is foreign, the 120 day service limitation does not apply. Upon receipt of this doctor's presence, he will promptly be served." (D.E. 32 at 3.) As of the date of this Order, Defendant, Doctor Vusumzi Mbuthuma, has still not been served, no summons has been issued, and no motion to compel discovery has been filed.

Also on November 22, 2013, the Court issued a separate Order to Show Cause as to why Defendants Doctor Doe and Nurse Doe had not been served. (D.E. 31.) In Response, Plaintiff argued good cause existed for failure to serve the unnamed defendants, citing Eleventh Circuit cases allegedly permitting the use of this "fictitious party practice." (D.E. 32 at 2.) Plaintiff added that "discovery may reveal the identity of the Doe Defendants, and Plaintiff will amend accordingly, in accordance with this Honorable Court's scheduling order." (*Id.*) The parties Joint Scheduling Form indicates that the agreed-upon date for amended pleadings was February 14, 2014. (D.E. 29–1.) As of the date of this Order, the Doe Defendants have still not been served, no summons has been issued, no motion to compel discovery has been filed, and no amended complaint has been filed.

The 120–day service rule imposed by Federal Rule of Civil Procedure 4(m) "does not apply to service in a foreign country under Rule 4(f) . . . ." Fed. R.Civ.P. 4(m). "However, the time allowable for accomplishing foreign service is not unlimited, as district courts must retain the ability to control their dockets." 12B *Fed. Practice & Procedure,* Civil Rules, Quick Reference Guide, at 79 (Thomson Reuters 2013) (citing *Nylok Corp. v. Fastener World Inc.,* 396 F.3d 805, 807 (7th Cir.2005)). "Some courts have conditioned this foreign service 'exemption' upon a showing that good faith attempts were made to serve within the 120–day period; if no such attempts were made, these courts hold that the exemption will not apply and the passage of 120 days can justify a dismissal." *Id.* (citing *USHA (India), Ltd. v. Honeywell Intern., Inc.,*

421 F.3d 129, 134 (2d Cir.2005); *Nylok Corp.*, 396 F.3d at 807; *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157 (M.D.Pa. 2008); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir.1985) (same holding, construing former Rule 4(j), predecessor to Rule 4(m))).

Here, there is no indication on the record that Plaintiff has made any attempt to serve the medical defendants, good faith or otherwise. Although Plaintiff attached a proposed summons for Dr. Mbuthuma to her Complaint (*see* D.E. 1–3), no summons was ever issued for Dr. Mbuthuma. Nor did Plaintiff ever make a request for service overseas or move the Court for alternate service pursuant to Rule 4(f). *See generally TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687 (S.D.Fla.2012) (describing various methods of foreign service under Rule 4(f) in Hague Convention signatory and non-signatory countries).

Moreover, Plaintiff's Response to the Court's Show Cause Order indicates that the Parties commenced discovery in November. (*See* Response, D.E. 32 at 2–3.) It advises that "Plaintiff's counsel previously sent an email to counsel for Defendant asking for the names and mailing addresses of all shipboard doctors and nurses that treated the Plaintiff on the subject cruise," and that Carnival's counsel had theretofore failed to respond. (*Id.*) Additionally, Plaintiff sent Carnival her request for initial disclosures on November 27, 2013—the same day she filed her Response to the Court's Show Cause Order. (*Id.*) Since then, Plaintiff has not filed a Motion to Compel Discovery, nor shown any other good faith attempt to serve the allegedly foreign medical defendants. In fact, *nothing* has been filed on the Docket since Plaintiff's Response to the Court's Show Cause Order of November 27, 2013.

As of the date of this Order, 242 days have passed since Plaintiff filed her Complaint. No summons has been issued for the medical defendants, and there is no other indicia of a good faith attempt to serve the medical defendants. "Although Rule 4(m) creates an exception for 'service in a foreign country pursuant to subdivision (f),' which sets forth procedures for such service, *see* Rule 4(f), this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country." *USHA (India), Ltd.*, 421 F.3d at 133–34 (citing *Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir.1993); *Montalbano*, 766 F.2d at 740); *see also Nylok Corp.*, 396 F.3d at 807 ("If . . . a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim.") (citations omitted); *Allstate Ins. Co.*, 249 F.R.D. at 162 (finding that "the exemption from the 120–day time limit for service in a foreign country does not apply where—as here—the plaintiff has not made a reasonable, good faith effort to attempt service abroad during the 120–day period.") (citations omitted). The Court is persuaded by the reasoning in the cases cited and finds that dismissal is warranted.

## V. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Counts V and VI of Plaintiff's Complaint (D.E. 1), filed July 19, 2013, are **DISMISSED WITHOUT PREJUDICE**;

2. All pending Motions are **DENIED AS MOOT**; and

3. This case is now **CLOSED**.