# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50171

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

MICHELLE HENDERSON,

> Plaintiff - Appellant

v.

REPUBLIC OF TEXAS BIKER RALLY, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-392

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

While attending the Republic of Texas Biker Rally ("Rally"), Michelle Henderson was seriously injured when a golf cart operated by a fellow attendee struck her, pinning her beneath it. Henderson sued Republic of Texas Biker Rally, Inc. ("ROT") for negligence. ROT moved to dismiss, asserting defenses of insufficient process under Federal Rule of Civil Procedure 12(b)(4) and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50171

insufficient service of process under Rule 12(b)(5). The district court granted ROT's motion. Henderson appeals. We AFFIRM.

I

The Rally is organized by ROT and hosted annually in Austin, Texas. Henderson attended the Rally in 2013 and was seriously injured when she was struck by a golf cart. She filed suit against ROT and others in Texas state court, bringing a cause of action for negligence against ROT. The case was eventually removed to federal district court.

ROT moved to dismiss on the grounds that Henderson failed to effectively serve ROT prior to the expiration of Texas's two-year statute of limitations for negligence claims. ROT argued that: (1) Henderson's service on ROT was insufficient because her attempts at service failed to abide by Texas law or the Federal Rules; and (2) even if her service was adequate, it was untimely. The district court granted the motion.

II

"We review a dismissal for failure to effect timely service of process for an abuse of discretion." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court." *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007). District courts enjoy broad discretion in Rule 12(b)(4) and 12(b)(5) contexts, so our review is particularly deferential when a district court dismisses an action for ineffective service. *See George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) ("The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."). Finally, "once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

No. 16-50171

III

Texas has a two-year statute of limitations for negligence claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Under Texas law, a plaintiff must both file suit and serve process on the defendant within the limitations period or her claim is time-barred. *See Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970) (noting that the Supreme Court of Texas "long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required"). If a defendant files suit within the limitations period, and then diligently and continually attempts to serve the defendant but is unable to do so until after the limitations period expires, the date of service will relate back to the date suit was filed. *See Parsons v. Turley*, 109 S.W.3d 804, 808 (Tex.App.–Dallas 2003, pet.) ("The duty to use due diligence continues from the date the suit is filed until the date the defendant is served.") A plaintiff must satisfactorily "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).

> A corporation in the United States can be served either:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed R. Civ. P. 4(h)(1). Rule 4(e)(1) allows for service to be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

3

No. 16-50171

made." Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice president. *See* Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.255(1). If a corporation fails to maintain a registered agent in Texas or the registered agent cannot be served through reasonable diligence, a plaintiff may serve the Texas Secretary of State instead. *See id.*, § 5.251.

IV

Henderson's cause of action accrued on the date of the golf cart incident—June 13, 2013. The statute of limitations for her negligence claims expired two years later, on June 13, 2015. Henderson filed suit in Texas state court on July 30, 2014, well within the limitations period. On June 11, 2015, two days before the limitations period expired, Henderson requested that ROT waive service. The waiver request was served on Lynn Castagna, who Henderson evidently believed was ROT's outside counsel at the time. Henderson then attempted to serve ROT's registered agent on June 12, 2015, but was unsuccessful. Finally, Henderson served ROT's registered agent at the Rally held on June 15, 2015—two days after the limitations period expired.

We must decide two issues: (1) whether the June 11, 2015 waiver request was effective; and (2) if not, whether Henderson diligently attempted to serve ROT such that the untimely service on June 15, 2015 related back to the date she filed suit.[1]

Rule 4(d) describes how a plaintiff may request that a defendant waive service. If the defendant is a corporation, the request must be addressed "to an officer, a managing or general agent, or any other agent authorized by

---

[1] The district court determined that, regardless of whether Henderson's efforts were diligent, she failed to properly serve ROT according to Texas law. We assume without deciding that the eventual service was legally proper and address only whether she exercised due diligence as a matter of law.

No. 16-50171

appointment or by law to receive service of process." Fed R. Civ. P. 4(d)(1)(A)(ii). Here, Henderson addressed the waiver request to "Republic of Texas Biker Rally, Inc. c/o Lynn Castagna," and provided the business address for Castagna's law firm. As the district court noted, "Ms. Castagna is not ROT's registered agent, president, or vice president under Texas law, nor is she an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Henderson v. Republic of Tex. Biker Rally, Inc.*, 2015 WL 6829514, at \*3 (W.D. Tex. Nov. 6, 2015). Henderson's waiver request was thus ineffective.

We next turn to the diligence issue. A lack of diligence may be established as a matter of law if "one or more lapses between service efforts are unexplained or patently unreasonable." *Proulx*, 235 S.W.3d at 216. Here, there is no dispute that Henderson did not serve ROT's registered agent until June 15, 2015—two days after the limitations period expired. Henderson argues that she diligently attempted to serve ROT, so the date of service should relate back to the date she filed suit. Henderson attempted to serve ROT's registered agent on August 16, 2014 and then again on September 7, 2014, but was unsuccessful. Her next attempt at service did not come until nine months later on June 12, 2015—the day before the limitations period expired. Henderson offers no excuse for this extended delay. She notes only that ROT changed registered agents in December 2014. But Henderson admits she did not discover the change until nearly six months later, even though that information was public and readily available.

Henderson has not explained the more than nine-month gap between her failed attempts to serve ROT. Texas courts have regularly held that comparable gaps conclusively negate a finding of diligence as a matter of law. *See Proulx*, 235 S.W.3d at 217 (collecting cases). Consequently, the eventual date of service does not relate back to the date Henderson's suit was filed.

5

No. 16-50171

Because Henderson did not effect service on ROT until after the limitations period expired, her negligence claim is time-barred.

V

ROT asks us to find that Henderson's appeal is frivolous, and to order her to pay ROT's reasonable attorney's fees and double ROT's costs under Federal Rule of Appellate Procedure 38. We decline to find that Henderson's appeal is "wholly without merit." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010). ROT's request for attorney's fees and extra costs is denied.

VI

The district court's ruling is AFFIRMED.