# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2021

Lyle W. Cayce
Clerk

No. 20-60889
Summary Calendar

Nickos Harris,

*Plaintiff—Appellant*,

*versus*

Ramey's Marketplace, Owner,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC 3:20-CV-318

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Nickos Harris appeals the dismissal of his Title VII claims for racial discrimination and retaliation. The district court dismissed Harris's claims after determining that Harris failed to serve the defendant with process and that his claims were time-barred. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60889

Harris was fired from his assistant manager position at Ramey's Marketplace in 2019. In January 2020, Harris filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that his termination was racially discriminatory. The EEOC issued Harris notice of his suit rights on January 31, 2020, which explained that he had ninety days to file suit. Harris filed his pro se complaint on May 4, 2020 in the Southern District of Mississippi, naming Ramey's and two managers as defendants.[1] Defendants moved to dismiss, and the district court granted the individual defendants' motion because they were not Harris's "employers" within the meaning of Title VII. The district court then ordered Harris to show cause why his case against Ramey's should not be dismissed for failure to serve process under Federal Rule of Civil Procedure 4(m). Harris responded by filing a proof of service purportedly showing that he had served Ramey's through an individual named Thea Curtis on August 4, 2020. His accompanying brief did not discuss the delayed attempt at service of process and merely reargued the merits of his claims. Ramey's again moved to dismiss.

The district court assessed Harris's attempted service under Mississippi law in accordance with Federal Rule of Civil Procedure 4(e)(1). Mississippi law provides that a business entity, like Ramey's, can be served through "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[2] The district court found that Curtis did not qualify to accept service on Ramey's behalf because Ramey's submitted uncontradicted evidence that Curtis was

---

[1] Like the district court, we identify the defendant as Ramey's Marketplace for simplicity's sake. The defendant's legal name is "Double R Foods, LLC d/b/a Ramey's Marketplace."

[2] MISS. R. CIV. P. 4(d)(4).

No. 20-60889

employed as a "scanning coordinator" at a separate entity. Thus, Harris had failed to serve Ramey's and had made no showing of good cause warranting an extension of the time for doing so.[3] Although failure to serve typically results in dismissal without prejudice, here, the district court found that Harris's claims were time-barred, and so it dismissed his remaining claims with prejudice. Harris appealed.

A district court enjoys broad discretion to dismiss a case for failure to serve process, and we review only for abuse of that discretion.[4] Because Ramey's contested Harris's service of process, the burden shifted to Harris to establish the validity of his attempt.[5]

Here, Harris has merely repeated the allegations in his EEOC charge and his complaint. Neither Harris's brief to this Court nor his response to the district court's show-cause order addresses service of process. And his arguments to this Court do not engage the district court's stated reasons for dismissing his complaint. Harris does not indicate why he delayed in serving Ramey's until the day the show-cause order issued, though he mentions for the first time on appeal that he "was impacted by Covid-19 and had trouble receiving papers from Ramey's Marketplace."[6]

---

[3] Fed R. Civ. P. 4(m).

[4] *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016) (citing *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

[5] *Henderson*, 672 F. App'x at 384 (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

[6] Even when read broadly, this sheds no light on why Harris was unable to effectively serve the defendant with process, a task which required no documents from Ramey's Marketplace. Further, the delays one might attribute to this are not among the reasons accepted by this Court for tolling the ninety-day filing window. *See Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 380 (5th Cir. 2019) ("We have opined that equitable tolling can excuse an untimely filing in the following circumstances: (1) the pendency of a

No. 20-60889

We find no error in the district court's determination that Harris's sole attempt to serve Ramey's through Curtis was ineffective. Moreover, Harris's delay took his case well outside of the ninety-day window for bringing suit under the EEOC's notice, so any re-filed claim would be time-barred.[7] Because Harris offers neither explanation for his delay nor an argument for tolling, we also find no abuse of discretion in the decision to dismiss the case with prejudice.

Therefore, the district court's dismissal of Harris's claims against Ramey's Marketplace is affirmed.

---

suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.") (internal quotations omitted).

[7] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period.").