# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-40231

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2024

Lyle W. Cayce
Clerk

Vikramkumar J. Shah,

*Plaintiff—Appellant*,

*versus*

Novelis,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-89

———————————————————————

Before Elrod and Ramirez, *Circuit Judges*, and Ashe, *District Judge*.[*]
Per Curiam:[†]

Plaintiff-appellant Vikramkumar Shah, appearing *pro se*, sued defendant-appellee Novelis and others, alleging employment discrimination under Title VII of the Civil Rights Act (Title VII). Because the defendants had not been properly served with process more than a year after Shah filed his complaint, the district court dismissed the lawsuit *sua sponte* under

———————————————————

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40231

Federal Rule of Civil Procedure 4(m). Finding no reversible error, we AFFIRM.

I

Sometime before 2013, Shah worked as a chemical engineer for Novelis's Indian subsidiary (Subsidiary). While he was employed there, his supervisor informed him that Subsidiary would begin using a new software program, which was sold by the supervisor's friend. Believing the program to be inadequate for Subsidiary's needs, Shah suggested a different program. In response, Shah's supervisors asked him to illicitly copy data from that program so that Subsidiary could use it. Shah objected on the grounds that doing so would be unethical, and he raised various concerns regarding the propriety of his supervisors' conduct with officers of Subsidiary; he alleges that, as a result, he was terminated in November 2013.

Shah came to the United States in 2015. He avers that because of the circumstances surrounding his discharge from Subsidiary, he and his family have been the targets of cybercrime and hacking, identity theft, and other criminal acts. At some point, he obtained a job with the Plano Independent School District in Plano, Texas, but he was ultimately terminated, apparently based on accusations that he abused a child. Shah maintains that his termination was related to the cybercrimes perpetrated by Subsidiary. Shah subsequently filed lawsuits in Plano, Texas, and in India, complaining of the hacking. Both were dismissed. Shah alleges that the lawsuits were dismissed due to fraud committed by members of the judiciary, collusion between his attorney and opposing counsel, and bribery and extensive cybercrimes committed by Subsidiary.

No. 23-40231

On February 8, 2022, Shah filed his complaint asserting employment discrimination claims under Title VII;[1] it listed a Plano, Texas home address. He also moved to proceed *in forma pauperis* and for the appointment of counsel. In March, he again moved for the appointment of counsel, and filed a notice of change of address listing a home address in Tukwila, Washington. The next day, he paid the filing fee, so his motion to proceed *in forma pauperis* was denied as moot. The court also denied his first and second motions for the appointment of counsel.

On April 14, the district court sent Shah a notice of impending dismissal, informing him that more than sixty days had passed since he filed his complaint and, under Rule 4(m), he was responsible for serving the defendants within ninety days from the commencement of the suit. The notice ordered Shah to

> execute a verified petition regarding service of process, advising the Court:
>
> A. That the case should not be dismissed as to the unserved Defendant;
>
> B. That the failure to obtain service upon Defendants is not due to the fault of the party or counsel seeking to avoid dismissal;
>
> C. The reasons why the case against the unserved Defendants should not be dismissed, set forth in detail and demonstrating good cause; and

---

[1] Shah now alleges that the defendants violated several other statutes, including the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Electronic Communications Protection Act, 18 U.S.C. § 2702; "the federal identity theft statute," 18 U.S.C. § 1028; the federal wire fraud statute, 18 U.S.C. § 1343; the Americans with Disabilities Act; the Age Discrimination in Employment Act of 1967; "numerous state laws"; and the laws of India. These claims were not raised below.

D. That service will be effected on Defendants within thirty (30) days of the date of the petition.

**This petition must be filed with the Court on or before *Monday, May 9, 2022, at 5:00 p.m.***

The notice was returned as undeliverable on May 16, 2022.

The court ordered Shah to provide the correct address, citing to Local Rule CV-11, which provides in relevant part:

> Notices will be sent only to an e-mail and/or mailing address on file. A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address.

The court received an acknowledgement of receipt signed by Shah in response to that order, which had been mailed to the same address as the notice of impending dismissal. Shah then sent a letter to the court providing a very similar but corrected address in Tukwila, Washington. He also noted that he did "receive [the court's] letters even with" the prior similar address.

Meanwhile, Shah filed a third motion for the appointment of counsel. He later advised the court that he could not find an affordable attorney and intended to represent himself, so the motion was denied. On September 1, 2022, Shah moved "to extend time for various investigations and discovery[.]" For the first time, he also asked the district court to serve the defendants and provided his credit card information to cover the cost. Construing the first motion as one to extend time for discovery, the district court denied the motion, noting that because "summons has not yet been issued" and "Defendant remains unserved" the motion was "premature[.]" The court also denied the request to serve the defendants. It emphasized that "Plaintiff ha[d] paid the filing fee for his lawsuit; accordingly, he [wa]s responsible for serving Defendants in this action. Plaintiff ha[d] failed to

complete the summons form as required by Local Rule CV-4." The court ordered the Clerk of Court to mail a summons form to Shah and reminded him "that he must fully complete the form for the Clerk of Court to issue summons."

The Clerk of Court issued summons on November 16, 2022. It was returned as undeliverable on January 23, 2023. The Clerk of Court reissued summons on February 3. In the meantime, Shah filed several letters indicating that he was attempting to obtain waivers of service from the defendants and that he intended to serve process via email. Ultimately, the magistrate judge recommended dismissal under Rule 4(m). Shah filed additional documents, which the district judge construed as objections to the magistrate judge's report and recommendation. Reviewing the record *de novo*, the district judge adopted the recommendation and dismissed without prejudice.

Shah timely appealed.[2]

## II

Generally, we review a dismissal under Rule 4(m) for abuse of discretion. *See Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir. 1985) (citing *Porter v. Beaumont Enter. & J.*, 743 F.2d 269, 271 (5th Cir. 1984)). But "where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice."

---

[2] Shah filed his notice of appeal after he filed a motion to reinstate—which the district court construed as a motion to alter the judgment under Federal Rule of Civil Procedure 59—but before the district court resolved his motion. The district court ultimately denied that motion. The notice of appeal is effective as of the date the Rule 59 motion was denied. FED. R. APP. P. 4(b).

No. 23-40231

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)).

Because "dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim[,]' . . . this Court has limited district courts' discretion to dismiss claims with prejudice." *Id.* (first citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980); and then citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). "These dismissals . . . require 'a clear record of delay or contumacious conduct by the plaintiff.'" *Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012) (quoting *Millan*, 546 F.3d at 326). Affirming a dismissal with prejudice typically requires one of the following: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474 (citing *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

We are obligated to construe the briefs of *pro se* litigants liberally. *See Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).

## III

Shah argues that the district court's dismissal under Rule 4(m) should be reversed for three reasons: he did in fact serve the defendants as required by Rule 4, the court dismissed the case prematurely, and Rule 4(m) does not apply to international defendants.

## A

Shah first argues that he properly served the defendants.

Rule 4 governs service of process in federal court. *See generally* Fed. R. Civ. P. 4. Rule 4(c) provides that, generally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" *Id.* 4(c)(1). Rule 4(c) also dictates that service may

6

be completed by "[a]ny person who is at least 18 years old and not a party" to the case. *Id.* 4(c)(2). An individual located within a judicial district in the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* 4(e).

> A domestic or foreign corporation, on the other hand, must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual [in a foreign country], except personal delivery under (f)(2)(C)(i).

*Id.* 4(h).

Finally, should he so choose, a plaintiff may attempt to obtain waiver of formal service of process from one or more defendants. *See id.* 4(d). To do so, the plaintiff must send a written notice and request to the individual defendant or, in the case of a corporation, to a particular agent of the corporation. *Id.* 4(d)(1). The notice and request must contain all the information listed in Rule 4(d)(1) to be effective. *Id.* For example, we have previously held that a request for waiver of service was insufficient when it was addressed to someone who was not a corporation's "registered agent, president, or vice president under Texas law, nor [was] she an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Henderson v. Republic of Texas*, 672 F. App'x 383, 386 (5th Cir. 2016) (per curiam) (unpublished). And we affirmed a district court's denial of a plaintiff's motion for costs on the ground that the defendant had unreasonably declined to waive service because the plaintiff had not shown that she had properly requested waiver. *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004) (per curiam) (unpublished). The plaintiff had sent the request to the defendant's attorney rather than directly to the defendant and had not provided copies of the request for the district court to evaluate. *Id.*

Here, Shah maintains that he properly served the defendants. First, he argues that he mailed and emailed the summons directly to the defendants. A party to the suit is not permitted to effect service of process himself, however. *See* Fed. R. Civ. P. 4(c)(2) (any person who is 18 years old and not a party to the case may serve defendants).[3] And Rule 4 does not expressly permit service of process via mail or email. Texas state law permits service

_____

[3] *See also Pro Se Filing Procedures*, U.S. Dist. Ct. E. Dist. of Tex., https://www.txed.uscourts.gov/?q=filing/non-lawyers [https://perma.cc/ZDM7-D5G3] (last visited April 12, 2024).

by registered or certified mail and, upon plaintiff's motion supported by a sworn statement, permits courts to authorize service by email. TEX. R. CIV. P. 106(b). But Texas law similarly does not permit parties to a case to effect service, *see* TEX. R. CIV. P. 103, and Shah did not request permission from the district court to serve the defendants by email. Additionally, it appears Shah hired a process server to serve Novelis at its Georgia office. But that summons was returned unexecuted, apparently because no one was present at the address Shah provided to the process server.

Shah's attempts to obtain waiver of service were likewise insufficient. He never received a waiver from the defendants or filed one with the court. And the purported requests for waiver of service that he sent to the defendants did not comply with the requirements of Rule 4(d). For instance, the requests did not include information regarding "the consequences of waiving and not waiving service," FED. R. CIV. P. 4(d)(1)(D), or provide the defendants "a reasonable time of . . . at least 60 days . . . to return the waiver," *id*. 4(d)(1)(F). The requests also were not sent until November 2022—nine months after the complaint was filed and six months after the court notified Shah of its intent to dismiss the case.

Shah's argument that he did in fact serve the defendants as required by Rule 4 is unavailing.

B

Shah next argues that the district court did not afford him adequate time to cure any defects in service or an opportunity to respond to the notice of impending dismissal.

Rule 4(m) permits a court to dismiss an action if the plaintiff does not serve the defendants within ninety days of filing the complaint. FED. R. CIV. P. 4(m). Upon a showing of good cause by the plaintiff, "the court must extend the time for service for an appropriate period." *Id*.

Shah contends that it was unfair for the district court to dismiss his case "just 18 days [after] getting the notice to serve the summons[.]" But Rule 4(m)'s time period does not begin to run when the summons is received by the plaintiff; it begins to run when the complaint is filed. *See* Fed. R. Civ. P. 4(m). Moreover, it is the plaintiff's responsibility to provide to the clerk of court the information required to issue summons. *See id.* 4(b). Indeed, the district court's website provides the following instructions for *pro se* litigants: "If the filing fee was paid, the Plaintiff is required to prepare the summons(es) for the clerk's issuance and to follow Fed. R. Civ. P. 4 to accomplish service."[4]

Shah further maintains that he was not given an opportunity to respond to the court's notice of impending dismissal because that notice was sent to the incorrect address. But *pro se* plaintiffs are obligated to keep the court apprised of their physical address. In the district court's guidelines for *pro se* parties—of which the record indicates he had knowledge—Shah was admonished to "keep the Clerk of Court, and the other side, informed of [his] current address and telephone number during the entire case." And his argument that he never received any mail at the Washington address as it was first provided to the court—by Shah himself—is belied by the record. For example, on June 21, 2022—the same day that Shah provided the court with his corrected Washington address—the district court received an acknowledgement of receipt from Shah in response to the orders denying his third motion to appoint counsel and directing him to provide the court with his current mailing address. And none of this explains why the first attempt

---

[4] *Pro Se Filing Procedures*, U.S. Dist. Ct. E. Dist. of Tex., https://www.txed.uscourts.gov/?q=filing/non-lawyers [https://perma.cc/ZDM7-D5G3] (last visited April 12, 2024).

to transmit the summons to Shah, which was sent using the corrected address, was returned as undeliverable. Moreover, Shah acknowledges that he received the court's order denying his motion to extend time for discovery; that order referred to Shah's obligation to serve the defendants. He also states in his brief that several of the court's orders predating his June 21 letter providing a corrected address were "sent to the correct address[.]"

The district court provided Shah, as it did all *pro se* litigants, with guidance regarding his obligations to serve the defendants and keep the court apprised of his mailing address; it mailed him a notice of impending dismissal at the address that he provided; and it mailed an order to that same address compelling Shah to update his mailing address. It did not dismiss until over a year had elapsed, nine months after informing Shah that it intended to do so. Shah was afforded ample time and opportunity to serve the defendants in compliance with Rule 4. The district court did not abuse its discretion when it dismissed for failure to timely serve the defendants.

C

Finally, construing his brief liberally, Shah contends that the district court erroneously dismissed under Rule 4(m) because that rule does not apply to defendants located in a foreign country.

By its terms, Rule 4(m)'s time limit does not apply to service of process abroad. *See* Fed. R. Civ. P. 4(m); *see also Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 430 (5th Cir. 2015) (per curiam) (unpublished). But this does not mean that plaintiffs can serve these defendants at their leisure. *Lozano*, 693 F.3d at 489; *see also Walker*, 634 F. App'x at 430 ("[T]his does not mean that the time to serve process in a foreign country is unlimited."). We have held that Rule 4(f), which governs service of process internationally, "authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable

diligence in attempting service." *Lozano*, 693 F.3d at 489 (citing *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). "Good faith and reasonable dispatch are the proper yardsticks." *Id.*

Here, the record suggests that Shah did not attempt to serve the international defendants until at least six months after he filed his complaint. He did not provide the clerk of court with the necessary information for summons to issue for several months. And he attempted to obtain a waiver of service in November 2022—nine months after commencing suit—but, as discussed, that attempt was insufficient for several reasons. Shah therefore did not exercise "[g]ood faith and reasonable dispatch" in his attempts to serve the foreign defendants. *Id.* To the extent Shah intended to sue defendants located abroad, the district court's reliance on Rule 4(m) was erroneous as to those defendants, but its ultimate conclusion that the case should be dismissed was not.

D

Shah's claim would likely be time-barred should he attempt to assert it again. He alleged in his complaint that he received a right to sue letter from the EEOC on December 11, 2021. Shah was required to bring his Title VII claims within ninety days of receiving that letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). We therefore review under the heightened standard used to evaluate dismissals with prejudice. *Millan*, 546 F.3d at 326. Affirming a dismissal with prejudice typically requires one of the following: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

Under this standard, we have previously affirmed the dismissal of a *pro se* litigant's suit where he did not perfect service until ten months after he filed his complaint. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th

Cir. 2013). In *Thrasher*, the plaintiff "made no effort to serve Defendants until four months" after filing his complaint, when he "attempted to serve Defendants but did so improperly." *Id.* He was granted an extension of time to serve the defendants, but he "missed his extended deadline." *Id.* The defendants then filed a motion to dismiss for insufficient process, and the plaintiff still did nothing in response. *Id.* Finally, the defendants were properly served almost one year after the suit began. *Id.* Holding that the delays were caused by plaintiff himself rather than his attorney—since he was not represented by an attorney for the majority of the proceedings—we affirmed the district court's dismissal under Rule 4(m). *Id.* at 514–15.

This case is characterized by similar periods of inactivity by Shah. The records indicates that Shah did not even begin to attempt serving the defendants until several months had passed. Shah caused these delays himself. And ultimately, unlike the defendants in *Thrasher*, these defendants still have yet to be properly served. *Id.* at 513. For these reasons, we conclude that the district court's judgment dismissing this case should be affirmed despite the fact that its practical effect is to preclude Shah from bringing suit again in the future.

IV

Shah makes wholly unsubstantiated allegations that the magistrate judge who adjudicated this case accepted bribes, abused her power, discriminated against him, and engaged in a host of other improper acts. We warn Shah that future filings making these types of unsupported accusations could subject him to sanctions.

V

The judgment of the district court dismissing for failure to serve the defendants is AFFIRMED.